IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANIEL LEE CINCOSKI                                                                                          PLAINTIFF

v.                                    Civil No. 5:22-cv-05022

SHERIFF TIM HELDER, Washington
County, Arkansas; PROBATION
OFFICER DIEUM NYUGEN; and
JOHN DOE, Medical Administrator,
Washington County Detention Center                                                                DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Complaint (ECF No. 1). Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which the Plaintiff is proceeding *in forma pauperis*.

### I.      BACKGROUND

Plaintiff, Daniel L. Cincoski ("Cincoski"), was found not guilty by reason of mental disease or defect of one count of felony terroristic threatening in *State of Arkansas v. Cincoski,* 72CR-13-2095A.[1]   The judgment of acquittal was entered on October 15, 2015.   Pursuant to Ark. Code

---

[1] The docket sheets are public records.
https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_main.cp_main_idx (accessed February 15, 2022).

Ann. § 5-2-314(a)(1) Circuit Judge Mark Lindsay, Washington County Circuit Court, found the offense involved substantial risk of bodily injury to another person or serious damage to the property of another, and Cincoski remains affected by mental disease. Cincoski was committed to the custody of the Director of the Department of Human Services. Ark. Code Ann. § 5-2-314(b)(1). In accordance with the judgment of acquittal, a civil commitment probate case was opened in the Pulaski County Circuit Court on November 17, 2015, *Daniel L. Cincoski,* 60PR-15-2141. According to the allegations of the Complaint (ECF No. 1), Cincoski remains committed and is currently housed in the Midsouth Health Systems Facility in Corning, Arkansas.[2] *Id.* at 2.

In claim one, Cincoski alleges that beginning on July 22, 2015, and through the present date, he has been "tortured by known electrical current and shocks administered by remote means to my brain, body parts, rectum, and penis excessively everyday." (ECF No. 1 at 4). While incarcerated at the Washington County Detention Center ("WCDC"), Cincoski says his grievances about the torture were deliberately ignored by Sheriff Helder and the medical and mental health staff. *Id.* Cincoski believes he has been subjected to this torture in reprisal for his litigation against Sheriff Helder, the Arkansas Division of Correction ("ADC"), and the other facilities at which he has been housed. *Id.* at 5. As a result of the ongoing torture, Cincoski maintains he has suffered "severe and extreme brain damage." *Id*.

In claim two, Cincoski alleges that from 2008 through the present time probation officer Dieum Nyugen has "verbally and psychologically tortured" him in the WCDC, the ADC, and the Arkansas State Hospital "using technological harassment saying things on the microphone" in the

---

[2] Because Cincoski is civilly committed, he is not considered a prisoner for purposes of the Prison Litigation Reform Act. *Kolocotronis v. Morgan,* 247 F.3d 726 (8th Cir. 2001).

pipe chase and cell vents. (ECF No. 1 at 6). Cincoski says Nyugen has done this in reprisal for his litigation. *Id.*

As relief, Cincoski seeks compensatory and punitive damages as well as injunctive relief. (ECF No. 1 at 9). Among other things, Cincoski wants the technological harassment and torture to stop. *Id.*

## II.    LEGAL STANDARD

Under § 1915(e)(2), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is

discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

#### A. Statute of Limitations

Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Wilson v. Garcia*, 471 U.S. 261, 268 (1985). In Arkansas, this is the three-year personal injury statute of limitations, Ark. Code Ann. § 16-56-105(3). *See Mountain Home Flight Serv., Inc. v. Baxter Cnty, Ark.,* 758 F.3d 1038, 1044 (8th Cir. 2014).

Federal law governs when a cause of action accrues. *Board of Regents v. Tomanio,* 446 U.S. 478, 484-86 (1980). A cause of action accrues when plaintiff knows or has reason to know of the injury which is the basis of the action. *Wallace v. Kato,* 549 U.S. 384, 388 (2007). The

statute of limitations would limit Cincoski's claims to those that accrued within the three-year period prior to his filing of this lawsuit on February 7, 2022. Thus, the statute of limitations bars Cincoski's claim that he was physically tortured by Defendants while housed in the WCDC as his incarceration preceded his 2015 civil commitment and was, therefore, more than three years prior to the filing of his current lawsuit. This ruling leaves for screening Cincoski's claims that he has been "remotely tortured" during the past three years.

B.  **Frivolousness**

Cincoski says that for years he has been subjected to remote psychological torture by Defendants, and in particular, Defendant Nyugen, who, the Court notes, has worked as a U.S. Probation Officer since 2012. He alleges this is true every day of his confinement and for every location at which he has been housed. The Court may dismiss a claim as "factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) (cleaned up). A finding of factual frivolousness "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. Cincoski has been confined outside of Washington County pursuant to a civil commitment since 2015. His claims that Defendant Nyugen or any of these Defendants have inflicted "technological harassment" upon him at the Arkansas Department of Corrections, at the Arkansas State Hospital or at his current facility in Corning, Arkansas (or elsewhere), by remote means, including the daily and continuous piping of tortuous messages into his facility/cell, are irrational and wholly incredible, and thus, clearly baseless. *Denton, supra*. Factually

5

frivolous claims are subject to dismissal; the Court is satisfied these claims meet that definition and recommends dismissal.

### IV.  CONCLUSION

For these reasons, it is recommended that the Complaint be dismissed without prejudice as Cincoski's § 1983 claims of physical torture by Defendants while in the custody of the Washington County Detention Center are barred by the statute of limitations, and Cincoski's claims of remote psychological torture in violation of § 1983 are factually frivolous and fail to state claims upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  It is further recommended that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of February 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE